IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAQUIBA SHARDAN GILLIS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3362 |
| | : | |
| NORRISTOWN STATE HOSPITAL | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 15th day of June 2023, upon reviewing Plaintiff's *pro se* amended Complaint (ECF Doc. Nos. 21, 22, 23) filed under our May 15, 2023 Order (ECF Doc. No. 19) partially granting and partially denying Defendant's Motion (ECF Doc. No. 16) to dismiss Plaintiff's original Complaint (ECF Doc. Nos. 2, 5), after today's extensive Rule 16 conference (ECF Doc. No. 20) where we discussed her claims and beliefs in detail, and consistent with our obligation to screen complaints under 28 U.S.C. 1915(e)(2)(B), it is **ORDERED** Plaintiff's amended Complaint (ECF Doc. Nos. 21, 22, 23) is **DISMISSED** without prejudice to move to amend with facts supporting her beliefs on the retaliation and hostile work environment claims consistent with today's Order setting the pretrial and trial obligations.

*Analysis*

African American woman Naquiba Shardan Gillis *pro se* sued her former employer Norristown State Hospital under Title VII of the Civil Rights Act of 1964 for retaliation, hostile work environment, and disparate treatment relating to her race and sex.[1] The Hospital hired Ms.

---

[1] Ms. Gillis filed three documents on June 5, 2023: a "memorandum", a response to an employment discrimination questionnaire, and an "exhibit." *See* ECF Doc. Nos. 21, 22, 23. We liberally construe the three documents as Ms. Gillis's amended Complaint under our May 15, 2023 Order. *See* ECF Doc. No. 19. We incorporate facts from her original Complaint because Ms. Gillis alleges less facts in her amended Complaint than she did in her original Complaint. *See* ECF Doc. Nos. 2, 5, 21, 22, 23.

Gillis as a forensic security employee trainee on February 26, 2018.[2] Ms. Gillis continued working for the Hospital before running into a series of incidents with Supervisor Nicole Bonetz beginning in September 2018 through December 2018 and eventual termination in January 2019.[3]

We fully discussed, and incorporate here, Ms. Gillis's alleged facts relating to her disparate treatment, retaliation, and hostile work environment claims under Title VII in our May 15, 2023 Memorandum partially granting and partially dismissing the Hospital's Motion to dismiss.[4] We found Ms. Gillis stated a claim for disparate treatment based on her January 2019 termination when the Hospital did not terminate a white man for allegedly the same conduct.[5] We dismissed Ms. Gillis's retaliation, hostile work environment, and disparate treatment (other than relating to her January 2019 termination) claims against the Hospital without prejudice for failure to state a claim.[6] We granted Ms. Gillis leave to file an amended Complaint by June 5, 2023 to allege retaliation, hostile work environment, and disparate treatment claims.[7] She does not do so as yet. We dismiss her amended Complaint and will proceed on her disparate treatment claim based on the Hospital's January 2019 termination of her but not a white male for the allegedly same conduct.

---

[2] ECF Doc. No. 5 at 5, ¶ 5.

[3] *See* ECF Doc. No. 18 at 1–5.

[4] ECF Doc. No. 19 at 1–5.

[5] The Hospital answered the disparate treatment claim in Ms. Gillis's original Complaint on June 9, 2023. ECF Doc. No. 26. We do not disturb Ms. Gillis's previously plead disparate treatment claim based on her January 2019 termination.

[6] ECF Doc. Nos. 18, 19. We also dismissed Ms. Gillis's Pennsylvania Human Relations Act claims against the Hospital with prejudice under Federal Rule of Civil Procedure 12(b)(1) because the claims are barred by Eleventh Amendment immunity. *Id.*

[7] ECF Doc. No. 19.

We liberally construe Ms. Gillis's June 5, 2023 "memorandum," response to an employment discrimination questionnaire, and an "exhibit" of text messages as the operative amended Complaint.[8] We again construe Ms. Gillis's amended Complaint as attempting to allege claims for retaliation, hostile work environment, and disparate treatment (other than relating to her January 2019 termination) against the Hospital.[9]

Congress requires us to screen Ms. Gillis's amended Complaint under 28 U.S.C. § 1915(e)(2)(B). When a litigant seeks to proceed *in forma pauperis*, without payment of fees, Congress, under 28 U.S.C. § 1915, requires we screen the complaint and dismiss if the claims are "frivolous, malicious, fail[ ] to state a claim on which relief may be granted, or seek[ ] monetary relief from a defendant who is immune from such relief."[10] The "standard for dismissal of a complaint under . . . § 1915(e)(2)(B) is the same standard provided for in Federal Rule of Civil Procedure 12(b)(6)."[11] We construe Ms. Gillis's amended Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[12]

Ms. Gillis again does not plead facts sufficient to allege retaliation, hostile work environment, and disparate treatment (other than relating to her January 2019 termination) against

---

[8] ECF Doc. Nos. 21, 22, 23. Ms. Gillis confirmed today she intended these filings to be an amended Complaint. We considered them as an amendment without waiving her earlier disparate treatment claim.

[9] *Id.*

[10] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also* ECF Doc. Nos. 1, 5.

[11] *Alford v. Laquise*, No. 14-13, 2014 WL 3368874, at *2 (M.D. Pa. July 9, 2014), *aff'd*, 604 F. App'x 93 (3d Cir. 2015) (citing *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008)).

[12] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the Hospital in light of our May 15, 2023 Memorandum and Order describing the deficiencies.[13] First, Ms. Gillis again does not "allege how her supervisors treated her differently than other similarly situated employees because of her race and sex with regard to the prostitution rumor and scheduling comments."[14] Second, Ms. Gillis again fails to allege new facts "from which we may plausibly infer intentional discrimination based on race or sex" to support a hostile work environment claim under Title VII.[15] Third, Ms. Gillis again does not "plead facts from which we can plausibly infer her protected activity is the but-for cause of her termination" to support her Title VII retaliation claim.[16]

Ms. Gillis does not sufficiently allege retaliation, hostile work environment, or disparate treatment claims under Title VII in her amended Complaint. We dismiss her amended Complaint but allow her to proceed on her Title VII disparate treatment allegations relating only to her January 2019 termination. We also dismiss these claims without prejudice to later filing an amended Complaint with facts gathered during discovery consistent with today's Order setting pretrial and trial obligations.

KEARNEY, J.

---

[13] *See* ECF Doc. Nos. 18, 19.

[14] ECF Doc. No. 18 at 9.

[15] *Id.* at 10.

[16] *Id.* at 11.